UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 20-cv-22324-MARTINEZ

JULIO RAMIREZ,

    Plaintiff,

v.

SCOTTSDALE INSURANCE COMPANY,

    Defendant.
_____/

## ORDER ON DEFENDANT'S MOTION FOR FINAL SUMMARY JUDGMENT

THIS CAUSE came before the Court upon Defendant Scottsdale Insurance Company's Motion for Final Summary Judgment or Motion for Partial Summary Judgment in the Alternative as to Roof Damages ("Defendant's Motion for Summary Judgment"), (ECF No. 28). The Court has reviewed Defendant's Motion for Summary Judgment and pertinent portions of the record and is otherwise fully advised of the premises. For the reasons set forth herein, Defendant's Motion for Summary Judgment is GRANTED.

**I.    BACKGROUND**

The following facts are undisputed unless otherwise noted. Where the facts are in dispute, they are taken in the light most favorable to Plaintiff, the non-movant.

This case arises out of an insurance coverage dispute between Plaintiff Julio Ramirez and his insurer, Defendant Scottsdale Insurance Company. Defendant issued Plaintiff policy number DFS1264683, which had an effective term coverage for the property located at 5869 Southwest 16th Street, Miami, Florida 33155 (the "Property") from June 29, 2017, to June 29, 2018 (the

"Policy").[1] The Policy contained, at the time of the loss and in pertinent part, the following relevant condition in the event of loss or damage:

> **DEFINITIONS**
>
> . . . .
>
> **B.** In addition, certain words or phrases are defined as follows:
>
> . . . .
>
> 8. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions, which results, during the policy period, in:
>
> a. "Bodily injury"; or
> b. "Property damage".
>
> 9. "Property damage" means physical injury to, destruction of, or loss of use of tangible property."
>
> . . . .
>
> **CONDITIONS**
>
> . . . .
>
> **C. Duties After "Occurrence"**
>
> In case of an "occurrence," you or another "insured" will perform the following duties that apply. We have no duty to provide coverage under this policy if your failure to comply with the following duties is prejudicial to us. You will help us by seeing that these duties are performed:
>
> 1.    Give written notice to us or our agent as soon as is practical, which sets forth:
>
>     a.    The identity of the policy and the "named insured" shown om the Declarations;

---

[1] Plaintiff's "Statement of Undisputed Facts" contains a scrivener's error regarding the date of the alleged loss and the coverage period; the alleged loss occurred on September 10, 2017. (*Compare* Pl.'s Resp. to Def.'s Mot. Summ. J. 1 ¶ 1–2, ECF No. 32, *with* Compl. ¶¶ 4, 6, ECF No. 1-2, at 5–6 (acknowledging loss indeed occurred on September 10, 2017, rather than September 10, 2018)).

    b.  Reasonably available information on the time, place and circumstances of the "occurrence"; and

    c.  Names and addresses of any claimants and witnesses . . . .

(Notice of Removal, Ex. A., at 50, ECF No. 1-2.)

  Plaintiff sues for residential property insurance benefits for damages caused by Hurricane Irma on September 10, 2017. Plaintiff alleges he suffered a property loss "as a result of wind and water damage" from Hurricane Irma, which caused damage to the roof and exterior and water damage to the interior of the Property. (Compl. ¶ 6, ECF No. 1-2, at 6.)

  Approximately twenty months later, on or about May 20, 2019, Plaintiff first notified Defendant of his claim for damages as a result of the loss. (Sarver Decl. ¶ 6, ECF No. 29-1.) On June 19, 2019, Mark Stanley, an independent adjuster for Professional Adjusting Services, inspected the Property on behalf of the Defendant. (*Id.* ¶ 8.) On September 3, 2019, Defendant issued a coverage determination letter, indicating that Mr. Stanley had observed wind, wear and tear, and deterioration damage to the roof tile, as well as interior water damage to portions of the interior as a result thereof. (*Id.* ¶ 9.) Based on these observations and because Plaintiff's insurance policy contained wind, wear and tear, and deterioration exclusions, Defendant denied coverage. (*Id.* ¶ 11.)

  On April 27, 2020, Plaintiff's counsel provided Defendant with a demand letter, requesting a remittance in the amount of $189,521.27 and attaching an estimate provided by iClaims Consulting Inc. (*See* Notice of Removal Ex. B, ECF No. 1-3.) Of the $189,521.27, $108,542.17 is associated with replacement of the tile and flat roof of the Property. (*Id.*; *see also* Sarver Decl. ¶ 12, ECF No. 29-1.)

  On May 6, 2020, Plaintiff filed suit against Defendant in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida. (*See generally* Notice of Removal, Ex. A,

ECF No. 1-2.) On June 4, 2020, Defendant timely removed this action to federal court. (Notice of Removal, ECF No. 1.) According to Defendant, throughout the course of discovery, Plaintiff failed to serve his initial disclosures, respond to Defendant's requests for production and interrogatories, serve any expert disclosures or reports, and respond to Defendant's expert discovery requests. (*See* Statement of Undisputed Material Facts (the "SOMF") Ex. 3–4, ECF Nos. 29-3, 29-4.) Plaintiff does not deny these assertions. (*See* Pl.'s Resp. to Def.'s Mot. Summ. J., ECF No. 32.) On May 24, 2021, Defendant moved for final summary judgment against Plaintiff or, in the alternative, partial summary judgment as to Plaintiff's alleged roof damage as excluded under the policy. (*See* Def.'s Mot. Summ. J., ECF No. 28.)

## II.     LEGAL STANDARD

Under Federal Rule of Civil Procedure 56, a court shall grant summary judgment if "the depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , or other materials . . . show . . . that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a), (c). Rule 56 requires entry of summary judgment "after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

"The moving party bears the initial burden to show, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial." *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991); *accord Kol B'Seder, Inc. v. Certain Underwriters at Lloyd's of London Subscribing to Certificate No. 154766 Under Cont. No. B0621MASRSWV15BND*, 766 F. App'x 795, 798 (11th Cir. 2019). "Only when that burden has

4

been met does the burden shift to the non-moving party to demonstrate that there is indeed a material issue of fact that precludes summary judgment." *Clark*, 929 F.2d at 608. When the moving party has carried its burden, the party opposing summary judgment must do more than show that there is "metaphysical doubt" as to any material fact. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Indeed, Rule 56 "requires the nonmoving party to go beyond the pleadings and, by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, *designate specific facts showing that there is a genuine issue for trial*." *Celotex Corp.*, 477 U.S. at 324 (emphasis added); *Kol B'Seder, Inc.*, 766 F. App'x at 798.

At summary judgment, courts are required to view the evidence and draw inferences in the light most favorable to the nonmovant. *See Matsushita Elec. Indus.*, 475 U.S. at 586; *Chapman v. Am. Cyanamid Co.*, 861 F.2d 1515, 1518 (11th Cir. 1988). "All reasonable inferences arising from the undisputed facts should be made in favor of the nonmovant. *Chapman*, 861 F.2d at 1518. "However, an inference based on speculation and conjecture is not reasonable." *Id.* (citing *Blackston v. Shook & Fletcher Insulation Co.*, 764 F.2d 1480, 1482 (11th Cir. 1985)). "Speculation does not create a *genuine* issue of fact; instead, it creates a false issue, the demolition of which is a primary goal of summary judgment." *Cordoba v. Dillard's, Inc.*, 419 F.3d 1169, 1181 (11th Cir. 2005). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *See Matsushita Elec. Indus.*, 475 U.S. at 587 (quoting *First Nat'l Bank of Ariz. v. Cities Servs. Co.*, 391 U.S. 253, 270 (1968)).

III. **ANALYSIS**

Defendant moves for final summary judgment on the basis that Plaintiff failed to comply with an obligation outlined in the Policy: that Plaintiff failed to provide "prompt notice" of the alleged loss and Plaintiff cannot overcome the presumption of prejudice to Defendant. (Def.'s Mot.

Summ. J. 6–8, ECF No. 28.) Plaintiff, conceding that his notice was untimely, argues that Defendant suffered no prejudice due to Plaintiff's failure to provide notice because Defendant was able to inspect the Property and Plaintiff's compliance with Defendant's claim investigation bars Defendant's late notice argument. (Pl.'s Resp. to Def.'s Mot. Summ. J. 12–14.)

> **A.     The Court Deems Plaintiff to Have Admitted Defendant's Statement of Undisputed Material Fact Because Plaintiff Failed to Controvert Undisputed Facts in A Separately Filed Statement of Material Facts as Required by Southern District of Florida Local Rule 56.1; Plaintiff's Statement of Undisputed Fact Is, Therefore, Stricken; No Genuine Dispute of Material Facts Exists**

Before turning to the merits of Defendant's Motion for Summary Judgment, the Court briefly addresses Plaintiff's failure to controvert Defendant's Statement of Undisputed Material Facts, (SOMF, ECF No. 29), as required by Southern District of Florida Local Rules, *see generally* S.D. Fla. L.R. 56.1. Local Rule 56.1(a) requires that "[a] motion for summary judgment and the opposition to it *shall each be accompanied by a separate and contemporaneously filed and served* Statement of Material Facts." S.D. Fla. L.R. 56.1(a) (emphasis added). Subsection (b) outlines the form the Statement of Material Facts is to take: "All statements of Material Facts (whether filed by the movant or the opponent) shall be filed and served as separate documents and not as exhibits or attachments." S.D. Fla. L.R. 56.1(b)(1). Moreover, Local Rule 56.1(c) states that an unopposed statement of material facts "may be deemed admitted unless controverted by the other party's Statement of Material Facts, provided that: (i) the Court finds that the material fact at issue is supported by properly cited record evidence and (ii) any exception under Fed. R. Civ. P. 56 does not apply." S.D. Fla. L.R. 56.1(c). Where a party fails to comply with the requirements set forth in Local Rule 56.1, "the Court may strike the Statement . . . ." S.D. Fla. L.R. 56.1(d).

Here, Plaintiff failed to file a Statement of Material facts in opposition to Defendant's Statement of Undisputed Material Facts, (ECF No. 29). On these facts, the rule in this jurisdiction is:

> When a party opposing a motion for summary judgment fails to file a statement of facts that complies with Local Rule 56.1(a), subsection [(c)] requires that the movant's facts be deemed admitted if they are supported by record evidence—*not as a Court-imposed sanction, but by operation of the rule*.

*Deegan v. Aquino*, Case No. 16-22820-CIV-LENARD/GOODMAN, 2018 WL 10399979, at *1 (S.D. Fla. Feb. 23, 2018) (emphasis added) (citing *Gossard v. JP Morgan Chase & Co.*, 612 F. Supp. 2d 1242, 1245–46 (S.D. Fla. 2009)).

Accordingly, because Plaintiff failed to submit a statement of material facts in opposition to Defendant's Motion for Summary Judgement, the Court deems Defendant's facts as admitted to the extent that they are supported by record evidence. *See* S.D. Fla. L.R. 56.1(c); *Digioia v. H. Koch & Sons, Div. of Wickens Mfg. Co.*, 944 F.2d 809, 811 n.6 (11th Cir. 1991) (holding that defendant's statement of facts was deemed admitted due to plaintiff's failure to file a statement of material facts in opposition as required by Local Rule 56.1's predecessor rule, Local Rule 10(J)); *Deegan*, 2018 WL 10399979, at *1–2; *Gossard*, 612 F. Supp. 2d at 1245–46; *see also* Fed. R. Civ. P. 56(e) ("If a party . . . fails to properly address another party's assertion of fact as required by Rule 56(c), the court may: . . . (2) consider the fact undisputed for purposes of the motion; (3) grant summary judgement if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it; or (4) issue any other appropriate order."). This is "not as a Court-imposed sanction"; rather, Defendant's Statement of Material Fact is deemed admitted by operation of the rule." *See Deegan*, 2018 WL 10399979, at *1.

Moreover, because the Court finds that Defendant met its initial burden to show that there are no genuine issues of material fact, as discussed *infra*, the burden shifted to Plaintiff to point to

7

record evidence that would show that there exists a genuine issue of material fact. *See Celotex Corp.*, 477 U.S. at 322. The Court notes that, even were Plaintiffs' statement of undisputed facts procedurally sound, Plaintiff offers no showing in the section labeled "Statement of Undisputed Facts," (ECF No. 32, at 1–6), that would—even when viewed in the light most favorable to Plaintiff—"demonstrate that there is indeed a material issue of fact that precludes summary judgment." *Clark*, 929 F.2d at 608. Moreover, Plaintiff did not support his Response and Memorandum of Law in Opposition to Defendant's Motion for Final Summary Judgment with any "affidavits, . . . depositions, answers to interrogatories, and admissions on file," that would show that there "is a genuine issue for trial." *See Celotex Corp.*, 477 U.S. at 324 (emphasis added). It is further undisputed that Plaintiff "served no initial disclosures in this case[,]" (SOMF, ECF No. 29 ¶ 14); "failed to respond to fact discovery[,]" (*id.* ¶ 15); "served no expert disclosures or reports[,]" (*id.* ¶ 16); and "failed to respond to expert discovery[,]" (*id.* ¶ 17). The record is also clear that the Court's deadlines to exchange initial disclosures, responses, and expert disclosers and discovery, generally, "have all long expired . . . ." (*id.* ¶ 18). Therefore, even were Plaintiff to have satisfied Local Rule 56.1's requirements when filing his statement of material facts, Plaintiff could not make a showing that there exists a genuine dispute of material fact.

Accordingly, Plaintiff's Statement of Undisputed Fact within his Response and Memorandum of Law in Opposition to Defendant's Motion for Final Summary Judgment, (ECF No. 32), is STRICKEN. Plaintiff is deemed to have admitted the material facts supported by record evidence in Defendant's Statement of Undisputed Material Facts, (ECF No. 29).

      **B.**      *Defendant is Entitled to Final Summary Judgment Because Defendant Was Irrefutably Prejudiced as A Matter of Law by Plaintiff's Failure to Provide Prompt Notice of Loss, as Required by the Policy*

Because the Court sits in diversity over the instant matter and the incident arose in Florida, Florida law applies. *See ML Healthcare Servs., LLC v. Publix Super Mkts., Inc.*, 881 F.3d 1293, 1299 (11th Cir. 2018) (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938)). "[W]here the policy contains a clause requiring that notice of an accident be given 'as soon as practicable', the clause is breached by a failure to notify the company for a period of more than a year . . . ." *Am. Fire & Cas. Co. v. Collura*, 163 So. 2d 784, 791 (Fla. 2d DCA 1964). The purpose of a notice provision in an insurance policy is to allow the insurer to "evaluate its rights and liabilities, to afford it an opportunity to make a timely investigation, and to prevent fraud and imposition upon it." *Lester v. U.S. Fidelity & Guar. Co.*, 293 So. 2d 83, 86 (Fla. 3d DCA 1974) (first citing *State Farm Mut. Auto. Ins. v. Ranson*, 121 So. 2d 175, 180 (Fla. 2d DCA 1960); and then citing *Deese v. Hartford Accident & Indem. Co.*, 205 So. 2d 328, 330 (Fla. 1st DCA 1967)); *accord Gemini II Ltd. v. Mesa Underwriters Specialty Ins.*, 592 F. App'x 803, 806 (11th Cir. 2014).

      1.      **PLAINTIFF'S NOTICE TO DEFENDANT WAS NOT "PROMPT" AS A MATTER OF LAW**

The Court first turns to whether notice of the loss was timely. While the question whether notice was timely is generally a question of fact for the jury, "when the undisputed factual record establishes notice is so late that no reasonable juror could find it timely, Florida courts will deem the notice untimely as a matter of law." *Clena Invs., Inc. v. XL Specialty Ins.*, Case No. 10-cv-62028, 2012 WL 1004851, at *4 (S.D. Fla. Mar. 26, 2012) (first citing *Kroener v. Fla. Ins. Guar. Ass'n*, 63 So. 3d 914, 916 (Fla. 4th DCA 2011); then citing *Ro-Ro Enters, Inc. v. State Farm Fire & Cas. Co.*, Case No. 93-1754-CIV, 1994 WL 16782171, *2–4 (S.D. Fla. June 22, 1994); and then citing *Ideal Mut. Ins. Co. v. Waldrep*, 400 So. 2d 782, 785 (Fla. 3d DCA 1981)); *see also PDQ*

*Coolidge Formad, LLC v. Landmark Am. Ins.*, 566 F. App'x 845, 848 (11th Cir. 2014) ("Florida Courts have ruled *on summary judgment* that an insured's delayed notice to an insurer did not constitute prompt notice under the policy when the factual record did not support an argument that the delay was reasonable.") As is the case here, where the Policy does not define what "as soon as is practical" notice is, the unambiguous Policy here shall be construed to mean "with reasonable dispatch and within a reasonable time in view of all of the facts and circumstances of the particular case." *See Yacht Club on the Intracoastal Condo Ass'n, Inc. v. Lexington Ins.*, 599 F. App'x 875, 879 (11th Cir. 2015) (citing *Ranson*, 131 So. 2d at 181).

Here, taking the undisputed facts, *see infra* Part III.A., in the light most favorable to Plaintiff, *see Matsushita Elec. Indus.*, 475 U.S. at 586; *Chapman*, 861 F.2d at 1518, it is clear that Plaintiff's notice to Defendant was not prompt as a matter of law, *see, e.g.*, *Soronson v. State Farm Fla. Ins.*, 96 So. 3d 949, 951–53 (Fla. 4th DCA 2012) (finding that three-year delay in providing notice was not prompt); *PDQ Coolidge Formad*, 566 F. App'x at 849 (finding that district court did not err in holding that six-month delay in providing insurer notice was not prompt as a matter of law); *Ro-Ma Holdings #4, LLC v. Scottsdale Ins.*, No. 20-21599-CIV-MARTINEZ/OTAZO-REYES, 2021 U.S. Dist. LEXIS 75860, at *7 (S.D. Fla. Apr. 19, 2021) ("Given the undisputed record before it, the Court finds that this fourteen-month delay does not constitute prompt notice as a matter of law, as it is so late that no reasonable jury could find it timely."). Plaintiff alleges that the loss to the property occurred on September 10, 2017, due to Hurricane Irma. (SOMF ¶ 5, ECF No. 29.) The undisputed record before the Court reveals that Plaintiff first reported any claim for damage to the Property due to Hurricane Irma on May 20, 2019, approximately 617 days after the date of the alleged loss. (SOMF ¶ 6, ECF No. 29.)

Just like the plaintiff in *Ro-Ma Holdings*, Plaintiff's loss was alleged to have been caused by Hurricane Irma. *See Ro-Ma Holdings*, 2021 U.S. Dist. LEXIS 275890, at *6. The plaintiff in *Ro-Ma Holdings #4* provided its insurer with notice of the alleged loss on November 6, 2018, approximately 424 days or about fourteen months after the alleged loss. *Ro-Ma Holdings*, 2021 U.S. Dist. LEXIS 275890,. at *7. There, the plaintiff's notice was not prompt as a matter of law. *Id.* Here, as Plaintiff seems to concede, 617 days—more than *twenty months*—is so late notice that "no reasonable jury could find it timely." *See id.* Accordingly, the Court finds that Plaintiff's notice to Defendant was not prompt as a matter of law. *See, e.g.*, *Soronson*, 96 So. 3d at 951–53; *PDQ Coolidge Formad*, 566 F. App'x at 849; *Ro-Ma Holdings*, 2021 U.S. Dist. LEXIS 75860, at *7.

    2.    **PLAINTIFF FAILED TO REBUT THE PRESUMPTION THAT DEFENDANT SUFFERED PREJUDICE DUD TO PLAINTIFF'S FAILURE TO PROVIDE PROMPT NOTICE**

Having found that Plaintiff's notice was untimely, the burden now shifts to Plaintiff to rebut the presumption that Defendant was prejudiced. *See Bankers Ins. v. Macias*, 475 So. 2d 1216, 1217–18 (Fla. 1985). "If the insured breaches the notice provision, prejudice to the insurer will be presumed . . . ." *Bankers Ins. v. Macias*, 475 So. 2d 1216, 1218 (Fla. 1985) (citing *Nat'l Gypsum Co. v. Travelers Indem. Co.*, 417 So. 2d 254, 256 (Fla. 1982)). As the Florida Supreme Court earlier explained,

> [T]he proper interpretation of the effect of prejudice in delayed notice cases was that while *prejudice to the insurer is presumed*, if *the insured* can demonstrate that the insurer has not been prejudiced thereby, then the insurer will not be relieved of liability merely by a showing that notice was not given "as soon as practicable."

*Tiedtke v. Fidelity & Cas. Co. of N.Y.*, 222 So. 2d 206, 209 (Fla. 1969) (emphasis added). Insureds bear the burden of rebutting the presumption of prejudice by presenting competent evidence that the insurer has not been prejudiced by the late notice. *Macias*, 475 So.2d at 1217–18. "Prejudice is properly resolved on summary judgment where an insured fails to present evidence sufficient to

11

rebut the presumption." *PDQ Coolidge*, 566 F. App'x at 849 (first citing *1500 Coral Towers Condo. Ass'n, Inc. v. Citizens Prop. Ins.*, 112 So. 3d 541 (Fla. 3d DCA 2013); then citing *Soronson*, 96 So. 3d at 953; and then citing *City Mgmt. Grp. Corp. v. Am. Reliance Ins. Co.*, 528 So. 2d 1299, 1300 (Fla. 3d DCA 1988)).

Plaintiff argues that, because (1) Plaintiff cooperated—to some degree—with Defendant's inspection of the Property and (2) Defendant had the opportunity to inspect the property, the question of whether Plaintiff materially breached the Policy "remains a question for the factfinder" and Defendant suffered no prejudice. (Pl.'s Resp. to Def.'s Mot. Summ. J. 12–14, ECF No. 32 (first citing *Curtis v. Tower Hill Prime Ins.*, 154 So. 3d 1193 (Fla. 2d DCA 2015); and then citing *Makryllos v. Citizens Prop. Ins.*, 103 So. 3d 1032, 1034 (Fla. 2d DCA 2012)).) Plaintiff's arguments fail on two fronts: First, Plaintiff conflates settled Florida law regarding breaches of cooperation provisions in insurance contracts with the law that applies here, a case in which Plaintiff breached a "prompt notice" provision,[2] and second, Plaintiff does not offer sufficient record evidence to rebut the presumption that Defendant was prejudiced by Plaintiffs' late notice.

---

[2] Different presumptions arise when an insured is alleged to have breach an obligation to the insurer pursuant to an insurance conitract. *Compare Macias*, 475 So. 2d at 1218 ("If the insured breaches [a] notice provision, the prejudice to the insurer will be presumed . . . . The burden should be on the insured to show lack of prejudice . . . ."), *with Ramos v. Nw. Mut. Ins.*, 336 So. 2d 71, 75 (Fla. 1976) ("[T]o constitute the breach of a policy [for] lack of cooperation[, the failure to cooperate] must be material and the insurance company must show that it was substantially prejudiced in the particular case by failure to cooperate." (citing *Am. Fire & Cas. Co. v. Vilet*, 4 So. 2d 862, 863 (Fla. 1941))). Therefore, the cases to which Plaintiff cites in support of his attempt to shift the burden of disproving the prejudice Defendant is presumed to have suffered to Defendant are inapposite. *See State Farm Mut. Auto. Ins. v. Curran*, 83 So. 3d 793, 802–03 (Fla. 5th DCA 2011) (discussing whether insured's failure to comply with compulsory medical examination was a condition precedent); *Amica Mut. Ins. v. Drummond*, 970 So. 2d 456, 459 (Fla. 2d DCA 2007) (discussing insured's failure to submit to examinations under oath as a condition precedent to coverage by insurer); *Goldman v. State Farm Fire Gen. Ins.*, 660 So. 2d 300, 304 (Fla. 4th DCA 1995) (discussing insured's failure to comply with condition precedent and affirming summary judgment in insurer's favor); *Allstate Floridian Ins. v. Farmer*, 104 So. 3d 1242, 1248 (Fla. 5th DCA 2012) (distinguishing between general breach of condition subsequent

Without addressing Plaintiff's first argument in further detail, the Court turns to Plaintiff's second argument—that "the record evidence on its face clearly demonstrates that the Defendant suffered no prejudice to its claim investigation process whatsoever" because Defendant was able to inspect the Property. (Pl.'s Resp. to Def.'s Mot. Summ. J., ECF No. 32, at 12.) Here, first and foremost, Plaintiff fails to point to anything in the record, as he required to do, *see Celotex Corp.*, 477 U.S. at 322, to support this averment, (Pl.'s Resp. to Def.'s Mot. Summ. J., ECF No. 32, at 12–14). Second, Plaintiff's argument is insufficient to rebut the presumption of prejudice. *See, e.g.*, *PDQ Coolidge*, 566 F. App'x at 848; *Ro-Ma Holdings*, 2021 U.S. Dist. LEXIS 75860 at *8. Like in *PDQ Coolidge* and *Ro-Ma Holdings*, an independent adjuster, Mark Stanley, inspected the Property on Defendant's behalf. (SOMF, ECF No. 29 ¶ 8); *see PDQ Coolidge*, 566 F. App'x at 849. Mr. Stanley was able to determine that the damage to the Property was consistent with "wind damage, and wear and tear, deterioration." (SOMF, ECF No. 29 ¶ 9.) Cindy Sarver, a claims representative authorized to handle claims on Defendant's behalf, stated in her Declaration[3] that

---

in insurance contract and breach of notice provision as outlined in *Macias*, 475 So. 2d at 1218); *Whistler's Park, Inc. v. Fla. Ins. Guar. Ass'n*, 90 So. 3d 841, 845–46 (Fla. 5th DCA 2012) (discussing conditions precedent to filing suit against insurer); *Am. Integrity Ins. v. Estrada*, 276 So. 3d 905, 913 (Fla. 3d DCA 2019) (same); *Curtis*, 154 So. 3d at 1198 (discussing cooperation clause); *Makryllos*, 103 So. 3d at 1034 (same). Plaintiff seems to confuse the issue before the Court: whether Plaintiff's can rebut the presumption that Plaintiff's late notice, which Plaintiff does not deny, prejudiced Defendant. *See Tiedtke*, 222 So. 2d at 209; *see also Macias*, 475 So. 2d at 1217 (quashing lower appellate court's decision because appellate court "applied the breach of cooperation presumption against the insurer when it should have applied lack of notice presumption against the insured."). Even were the Court to consider Plaintiff's argument that Plaintiff's cooperation bars Defendant's late notice argument, Plaintiff's cooperation with Defendant's investigation does not (1) create a genuine dispute of material fact as to whether Defendant suffered prejudice as to Plaintiff's late notice nor (2) relieve Plaintiff of his obligation to provide prompt notice to Defendant.

3 Plaintiff's Response and Memorandum of Law in Opposition to Defendant's Motion for Final Summary Judgment includes a contentless section labeled "**III. The Affidavit of Cindy Sarver should be stricken**." (ECF No. 32, at 12.) In support of that general proposition, Plaintiff offers no argument or supporting materials. (*Id.*) The Court, however, may consider Cindy Sarver's Declaration in support of Defendant's Motion for Summary Judgment. *See* Fed. R. Civ. P. 56(c)(4)

13

"[h]ad prompt notice been provided by [Plaintiff], [Defendant] would have been able to draw better conclusions regarding the loss, and would have been able to draw those conclusions more easily given the passage of time." (SOMF, Ex. 1 ¶ 10, ECF No. 29-1) Ms. Sarver's Declaration makes something that is already presumed clear on the face of the record: Defendant was prejudiced by Plaintiff's late notice because it was not able to inspect the property closer to the date of loss and ascertain whether the damage observed during Mr. Stanley's inspection was the same as it was immediately after Hurricane Irma until after nearly two years following the alleged date of loss. *See PDQ Coolidge*, 566 F. App'x at 849–50 (granting summary judgment where plaintiff failed to rebut presumption of prejudice against insurer because plaintiff provided "no evidence showing that an earlier inspection would not have impacted the investigation."); *see also Lester*, 293 So. 2d at 86 ("[T]he purpose of a provision for notice and proofs of loss is to enable the insurer to evaluate its rights and liabilities, to afford it an opportunity to make a timely investigation, and to prevent fraud and imposition upon it." (citing *Ranson*, 121 So. 2d at 180). Plaintiff offers no record evidence to rebut this presumption; therefore, final summary judgment is properly entered in Defendant's favor. *See, e.g.*, *1500 Coral Towers Condo.*, 112 So. 3d 541, 544–45 (affirming summary judgment in defendant's favor where plaintiff failed to rebut presumption of prejudice);

---

("An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated."); *Cargo Airport Servs. USA, LLC v. Transcarga Int'l Airwaus, C.A., Inc.*, 2017 WL 4898292, at *2 (S.D. Fla. Oct. 27, 2017) ("An affidavit submitted by a corporate representative in support of summary judgment is properly considered when the corporate representative expressly verifies that the matters stated therein are based on his personal knowledge gained through the review of business records."). Here, Ms. Sarver is Defendant's corporate representative and she testified that the declaration was "based upon personal knowledge and a review of files which are routinely made and maintained in the ordinary course of business and prepared by agents or employees with personal knowledge of their contents at or near the events they record." (SOMF Ex. 1, at 2 ¶ 2, ECF No. 29-1.). Ms. Sarver's testimony may, therefore, be properly considered by the Court. *See* Fed. R. Civ. P. 56(c)(4).

*Soronson*, 96 So. 3d at 953 (same); *PDQ Coolidge Formad*, 566 F. App'x at 850 (same); *Ro-Ma Holdings*, 2021 U.S. LEXIS 75860, at *11 (granting defendant summary judgment where plaintiff failed to rebut presumption of prejudice).

### IV.     CONCLUSION

For the foregoing reasons, it is:

ORDERED and ADJUDGED that:

1. Plaintiff's Statement of Undisputed Fact within his Response and Memorandum of Law in Opposition to Defendant's Motion for Final Summary Judgment, (ECF No. 32, at 1–6), is STRICKEN.

2. Defendant's Motion for Summary Judgment, [ECF No. 24], is GRANTED.

3. The Trial Period set for Monday, November 8, 2021, is CANCELLED.

4. This case is CLOSED for administrative purposes, and all pending motions are DENIED as moot.

5. Final Judgment will be entered by separate order.

DONE AND ORDERED in Chambers at Miami, Florida this 29th day of October, 2021.

*[signature]*

JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
All Counsel of Record