UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 1:20-cv-22324-JEM/Becerra

JULIO RAMIREZ,

    Plaintiff,

v.

SCOTTSDALE INSURANCE
COMPANY,

    Defendant.
_____/

**REPORT AND RECOMMENDATION ON SCOTTSDALE INSURANCE COMPANY'S VERIFIED MOTION TO TAX ATTORNEYS' FEES AND COSTS[1]**

**THIS CAUSE** came before the Court on Defendant Scottsdale Insurance Company's ("Defendant") Verified Motion to Tax Attorneys' Fees and Costs (the "Motion"), ECF No. [43]. Plaintiff Julio Ramirez ("Plaintiff") filed his Response in Opposition to the Motion (the "Opposition"), ECF No. [52], and Defendant filed its Reply in support of the Motion (the "Reply"), ECF No. [55]. After a review of the instant Motion, the pertinent portions of the record, and the relevant authorities, and for the reasons stated below, it is hereby **RECOMMENDED** that Defendant's Motion for Attorneys' Fees be **GRANTED IN PART AND DENIED IN PART**. Defendant should be awarded $17,337.50 in attorneys' fees and $929.00 in costs plus post-judgment interest.

---

[1] The Honorable Jose E. Martinez, United States District Judge, referred the instant Motion to the undersigned. ECF No. [47].

1

## I. BACKGROUND

On May 6, 2020, Plaintiff filed a Complaint in the Circuit Court of the 11th Judicial Circuit in and for Miami-Dade County, Florida (the "Complaint"). ECF No. [1-2] at 5–9. Plaintiff's Complaint seeks damages for breach of an insurance contract stemming from Defendant's denial of Plaintiff's property damage claim following Hurricane Irma. *Id.* Defendant filed its Answer and Affirmative Defenses on June 3, 2020. *Id.* at 89–91. On June 4, 2020, Defendant removed the case to this Court based on diversity jurisdiction, pursuant to 28 U.S.C. § 1332. ECF No. [1].

Defendant served an offer of judgment (the "Offer") on February 18, 2021, for $17,500.00, inclusive of attorneys' fees and costs. *See* ECF Nos. [24]; [43] at 14–16. The Offer was contingent upon Plaintiff's execution of a general release (the "General Release"), which was attached to the Offer as Exhibit A. *See* ECF No. [43] at 14, 18–19. Plaintiff did not execute the General Release or accept the Offer. ECF No. [43] at 2.

On May 24, 2021, Defendant filed a Motion for Summary Judgment. ECF Nos. [28], [29]. The District Court granted Defendant's Motion for Summary Judgment on October 29, 2021, ECF No. [41], and entered Final Judgment for Defendant on November 1, 2021, ECF No. [42].

Defendant filed the instant Motion on December 1, 2021, seeking attorneys' fees and costs. ECF No. [43]. Defendant argues that, pursuant to Florida Statute Section 768.79, it is entitled to an award of attorneys' fees for the time between February 18, 2021, when the Offer was served, and November 1, 2021, when the Final Judgment was entered, given that Defendant prevailed outright on summary judgment after having properly served the Offer. *Id.* at 2, 10. Defendant now seeks $17,389.50 in attorneys' fees, comprised of the following: (1) Attorney Francesco J. Palanda billed 2.4 hours at an hourly rate of $250.00 per hour, and another 58.2 hours at an increased rate of $260.00 per hour; (2) Attorney Joseph Manzo billed 3.6 hours at an hourly rate

of $260.00 per hour; and (3) paralegal Jamie Hodges billed 4.5 hours at an hourly rate of $95.00 per hour, and another 2.8 hours at an increased rate of $105.00 per hour. *Id.* at 22.[2] Additionally, Defendant argues that it is statutorily entitled to taxable costs and interest as the prevailing party. *Id.* at 2. Defendant seeks $929.00 in costs, consisting of: (1) $425.00 in court reporter and interpreter fees; (2) $102.00 in subpoena service costs; and (3) a $402.00 filing fee. *Id.* at 23.

Plaintiff filed his Opposition on January 12, 2022. ECF No. [52]. Plaintiff does not dispute Defendant's entitlement to taxable costs. *Id.* at 1. However, Plaintiff does dispute Defendant's entitlement to attorneys' fees. *Id.* at 1. Plaintiff argues that the Offer was not in compliance with Florida law, and therefore, is invalid and unenforceable. *Id.* at 1, 5–12. Specifically, Plaintiff asserts that the Offer was ambiguous because, when read in conjunction with the General Release, it did not make clear whether a subsequent bad faith action would be barred upon Plaintiff's acceptance of the Offer. *Id.*

Defendant filed its Reply on January 19, 2022. ECF No. [55]. Defendant counters that the Offer was unambiguous because any of the purported differences between the Offer and General Release would not reasonably affect Plaintiff's decision of whether to accept the Offer. *Id.* at 5. Defendant also notes that Plaintiff's Response fails to address the reasonableness of the attorneys' fees that Defendant is seeking. *Id.* at 5–6.

## II. ANALYSIS

Florida Statute Section 768.79 governs offers of judgment, and Florida Rule of Civil Procedure 1.442 outlines the procedures that a party must follow in making a proposal for settlement, including an offer of judgment. FLA. STAT. § 768.79; FLA. R. CIV. P. 1.442. Both

---

[2] Pursuant to this Court's Order, ECF No. [58], Defendant submitted itemized billing entries to the undersigned via e-mail, copying Plaintiff's counsel, on August 12, 2022. The Court filed the submission, and as such, the invoices are now part of the Court's record. ECF No. [61].

apply in diversity cases, such as this one, where the substantive law of Florida applies. *Menchise v. Akerman Senterfitt*, 532 F.3d 1146, 1150 (11th Cir. 2008) (finding that Federal Rule of Civil Procedure 68 does not preempt Florida Statute Section 768.79 and noting that "[S]ection 768.79 is substantive law in diversity cases"); *see also McMahan v. Toto*, 311 F.3d 1077, 1082 (11th Cir. 2002) (applying both Florida Statute § 768.79 and Florida Rule of Civil Procedure 1.442 in diversity case); *Kashwise Glob. Funding Sols., Inc. v. Riot Blockchain, Inc.*, No. 0:20-cv-60883, 2022 WL 526499, at *1 (S.D. Fla. Jan. 10, 2022) ("In determining whether § 768.79 applies in this diversity action, the undersigned is required to apply Florida law."), *report and recommendation adopted*, No. 0:20-cv-60883, 2022 WL 533974 (S.D. Fla. Feb. 22, 2022).

Under Section 768.79, "if a defendant files an offer of judgment which is not accepted by the plaintiff within 30 days, the defendant shall be entitled to recover reasonable costs and attorney[s'] fees incurred by her or him . . . from the date of filing of the offer if the judgment is one of no liability or the judgment obtained by the plaintiff is at least 25 percent less than such offer[.]" FLA. STAT. § 768.79(1).  To qualify as a valid offer of judgment under Section 768.79, an offer must: (1) be in writing; (2) state that it is made pursuant to Section 768.79; (3) name the offeror and offeree; (4) state the total amount of the offer; and (5) state with particularity the amount offered to settle a claim for punitive damages, if any.  FLA. STAT. § 768.79(2); *see also Guerra v. Se. Freight Lines, Inc.*, No. 1:13-cv-22070, 2014 WL 6751589, at *1 (S.D. Fla. Aug. 8, 2014) (restating requirements for valid offer of judgment under Florida law in diversity case), *report and recommendation adopted*, Amended Order Adopting Magistrate Judge Goodman's Report and Recommendation on Defendant's Motion for Attorneys' Fees and Costs, *Guerra v. Se. Freight Lines, Inc.*, No. 1:13-cv-22070 (S.D. Fla. Sept. 12, 2014), ECF No. [78].

Rule 1.442 largely duplicates Section 768.79, but also includes procedural requirements that must also be met. *See McMahan*, 311 F.3d at 1082 ("Florida Rule of Civil Procedure 1.442 governs settlements and . . . applies to offers made pursuant to § 768.79."). Although Rule 1.442(c)(2)(D) was amended effective July 1, 2022, to preclude the addition of nonmonetary terms in proposals for settlement, *In re Amendments to Florida Rule of Civil Procedure 1.442*, No. SC21-277, 2022 WL 1679398, at *1–2 (Fla. May 26, 2022), the Offer here was made on February 18, 2021, and expired thirty days thereafter. *See* ECF Nos. [24]; [43] at 14–16. Thus, the applicable version of Rule 1.442 for the analysis of the Offer's validity is the version effective from January 1, 2019, through October 28, 2021. *See J.J.'s Mae, Inc. v. Milliken & Co.*, 763 So. 2d 1106, 1107 (Fla. 4th DCA 1999) ("Although the rule has subsequently been amended to permit the inclusion of conditions, *see* rule 1.442(c)(2)(C), appellant was entitled to consider the offer under the law in effect at the time the offer was made."). The Rule that applies here required that a proposal for settlement: (1) "name the party or parties making the proposal and the party or parties to whom the proposal is being made;" (2) "state that the proposal resolves all damages that would otherwise be awarded in a final judgment in the action in which the proposal is served, subject to subdivision [6];" (3) "state with particularity any relevant conditions;" (4) "state the total amount of the proposal and state with particularity all nonmonetary terms of the proposal;"[3] (5) "state with particularity the amount proposed to settle a claim for punitive damages, if any;" (6) "state whether the proposal includes attorneys' fees and whether attorneys' fees are part of the legal claim;" and (7) "include a certificate of service in the form required by Florida Rule of Judicial Administration

---

[3] Rule 1.442(c)(2)(C)–(D), requiring particularity in stating relevant conditions, monetary amounts, and nonmonetary terms, remained unchanged from January 1, 1997, through July 1, 2022. *Compare In re Amendments to Fla. Rules of Civ. Proc.*, 682 So.2d 105 (Fla. 1996), *with In re Amendments to Fla. Rule of Civ. Proc. 1.442*, No. SC21-277, 2022 WL 1679398 (Fla. May 26, 2022). Thus, cases interpreting proposals for settlement from that period remain instructive.

2.516." FLA. R. CIV. P. 1.442(c) (effective January 1, 2019), *amended by In re Amendments to Fla. Rules of Civ. Proc.*, No. SC21-1049, 2021 WL 5050374 (Fla. Oct. 28, 2021).

The Florida Supreme Court has explained that offers of judgment made under Section 768.79 "must strictly conform to these statutory and procedural requirements to entitle the offeror to attorney[s'] fees because the statute is in derogation of the common law that ordinarily requires each party to pay its own attorney[s'] fees." *Allen v. Nunez*, 258 So. 3d 1207, 1211 (Fla. 2018) (citing *Pratt v. Weiss*, 161 So. 3d 1268, 1271 (Fla. 2015)); *see also Anderson v. Hilton Hotels Corp.*, 202 So. 3d 846, 852 (Fla. 2016) (same). Specifically, the offer of judgment made under the statute and rule "must be sufficiently clear and free of ambiguity to allow the offeree the opportunity to fully consider the proposal." *Allen*, 258 So. 3d at 1211.

Despite the need for strict conformity with the statutory and procedural requirements, the Florida Supreme Court has not required the elimination of every ambiguity—only reasonable ambiguities, recognizing that:

> given the nature of language, it may be impossible to eliminate all ambiguity. The rule does not demand the impossible. It merely requires that the settlement proposal be sufficiently clear and definite to allow the offeree to make an informed decision without needing clarification. If ambiguity within the proposal could reasonably affect the offeree's decision, the proposal will not satisfy the particularity requirement [of Rule 1.442(c)(2)(C)–(D)].

*Anderson*, 202 So. 3d at 853 (quoting *State Farm Mut. Auto. Ins. Co. v. Nichols*, 932 So. 2d 1067, 1079 (Fla. 2006)). Ultimately, offers of judgment are intended to reduce judicial labor, not create more. *Id.* Accordingly, courts are discouraged from "nitpicking" offers of judgment, and proposals for settlement generally, in search of ambiguity. *Id.*

### A. Defendant Is Entitled to Attorneys' Fees.

Defendant argues that it is entitled to attorneys' fees because Plaintiff failed to accept the Offer within 30 days. ECF No. [43] at 2, 8–11. First, Defendant asserts that the Offer meets all

requirements imposed by Florida Statute Section 768.79. *Id.* at 8. As to the threshold requirements, Defendant filed a Notice of Serving Proposal for Settlement/Offer of Judgment on Plaintiff, ECF No. [24], and Plaintiff did not accept the Offer within 30 days, ECF No. [43] at 2. The Court entered Final Judgment for Defendant on November 1, 2021, and Plaintiff was not entitled to any recovery. ECF No. [42]. As to the form of the Offer, Defendant argues that the Offer: (1) was in writing; (2) stated that it was made pursuant to Section 768.79; (3) named Defendant as the offeror and Plaintiff as the offeree; (4) stated that the total amount of the Offer was $17,500.00; and (5) stated that there was no claim for punitive damages. *See* ECF No. [43] at 14–16. Plaintiff does not dispute that the Offer meets all requirements of Section 768.79, but rather takes issue only with the Offer's compliance with Rule 1.442. *See* ECF No. [52] at 6. Therefore, the undersigned finds that the Offer satisfies the requirements of Section 768.79.

Second, the Offer must also meet the requirements of Florida Rule of Civil Procedure 1.442. *See Anderson*, 202 So. 3d at 852. Defendant asserts in its Motion that the Offer met all requirements of Rule 1.442 because it not only satisfied the aforementioned criteria of Section 768.79, which largely overlap with Rule 1.442, but also "stated with particularity the amount being offered to settle all claims for relief in the case," included the attached General Release, and was made within the allotted time frame provided by Rule 1.442. ECF No. [43] at 7–8. In his Opposition, Plaintiff argues that the Offer is ambiguous, thereby failing the requirements that it "state with particularity any relevant conditions" and "state the total amount of the proposal and state with particularity all nonmonetary terms of the proposal." FLA. R. CIV. P. 1.442(c)(2)(D) (effective January 1, 2019), *amended by In re Amendments to Fla. Rules of Civ. Proc.*, No. SC21-

7

1049, 2021 WL 5050374 (Fla. Oct. 28, 2021)[4]. Specifically, Plaintiff takes issue with paragraph 2 of the Offer and paragraph 2 of the General Release, arguing that when read together, they do not specify whether a subsequent bad faith action would be precluded. ECF No. [52] at 7–8. In the Reply, Defendant counters that regardless of any differing language in the Offer and General Release, there is no true ambiguity because "[t]here is no question as to what claims [Plaintiff] is releasing." ECF No. [55] at 5.

Paragraph 2 of the Offer provides: "This Proposal for Settlement/Offer of Judgment is made in an attempt to resolve all claims that Julio Ramirez has asserted or could have asserted against SIC in the above captioned action." ECF No. [43] at 14. Paragraph 2 of the General Release provides:

> Ramirez voluntarily and knowingly generally releases and forever discharges SIC from any and all state, local, and federal claims, causes of action, demands, damages, liabilities, claims for attorney fees and cost, suits and judgments of every type and description (including but not limited to, all claims in equity, under local, federal, or state tort, contract both oral or extra-contractual, bad faith, § 624.155, Fla. Stat., unfair claims practices statutes or regulations), whether known or unknown, that Ramirez has, may have, or may ever claim to have against SIC in any way relating to the claims asserted by the lawsuit filed against SIC in the U.S. District Court for the Southern District of Florida, *Julio Ramirez v. Scottsdale Insurance Company*, Case No. 1:20-cv-22324-CIV-JEM and any claims arising out of and/or related to those claims, and/or the adjustment of those claims.

*Id.* at 18.

The undersigned finds that the Offer is not ambiguous. Plaintiff is correct that under Florida law, a bad faith action against an insurer does not accrue until the underlying claim for

---

[4] The Opposition also references the requirement to "'identify' the claim or claims to be resolved," which is a requirement from a prior version of Rule 1.442(c)(2)(B) and is not applicable in the instant case. *See* ECF No. [52] at 6; *In re Amendments to Fla. Rules of Civ. Proc.*, 131 So.3d 643 (Fla. 2013) (eliminating the requirement to "identify the claim or claims the proposal is intending to resolve," and replacing it with the requirement to "state that the proposal resolves all damages that would otherwise be awarded in a final judgment in the action in which the proposal is served, subject to [the subsection regarding attorneys' fees.]").

benefits is resolved. *See Blanchard v. State Farm Mut. Auto. Ins. Co.*, 575 So. 2d 1289, 1291 (Fla. 1991) ("[A]n insured's underlying first-party action for insurance benefits against the insurer necessarily must be resolved favorably to the insured before the cause of action for bad faith in settlement negotiations can accrue."). Standing alone, then, paragraph 2 of the Offer does not squarely address whether waiver of a *subsequent* bad faith claim was included. However, paragraph 2 of the General Release resolves any possible ambiguity by explicitly releasing claims for "bad faith, § 624.155, Fla. Stat." that Plaintiff "has, may have, *or may ever claim to have against SIC in any way relating to the claims* asserted by the [instant action] and any claims arising out of and/or related to those claims, and/or the adjustment of those claims." ECF No. [43] at 18 (emphasis added). When read as a whole, it is clear that the Offer barred any bad faith action related to the instant action, even if such an action had not yet accrued at the time that the Offer was served, because the General Release language specifically included it.

Plaintiff's Opposition heavily relies on *Saenz v. Campos* for the argument that the language of the Offer and General Release conflict and must be deemed ambiguous. *See* ECF No. [52] at 10–11; *Saenz v. Campos*, 967 So. 2d 1114, 1117 (Fla. 4th DCA 2007). However, the proposal for settlement in *Saenz* is readily distinguishable from the instant Offer. The *Saenz* proposal stated that it was "meant to resolve *all claims* by the Plaintiff . . . against the Defendant," and that it was "in full settlement of *the claims raised in the suit* against Defendant." *Saenz*, 967 So. 2d at 1115 (emphasis added). The *Saenz* defendant argued, and the court agreed, that when read in conjunction, those two statements did not clearly state whether a bad faith claim noticed by Plaintiff but accruing only after the resolution of the underlying claim would be barred under the proposal. *Id.* at 1117. However, the language within the *Saenz* proposal made no mention of bad faith, the accompanying statute, future claims, or claims arising out of the suit, whereas the instant

9

Offer, by way of the General Release, clearly states the exact claims to be barred. *Id.* at 1115; ECF No. [43] at 14–19; *see also Nichols*, 932 So. 2d at 1079 (finding a proposal for settlement ambiguous where language was conflicting and did not mention whether a separate pending uninsured motorist claim would be barred); *Dryden v. Pedemonti*, 910 So. 2d 854 (Fla. 5th DCA 2005) (finding a proposal for settlement ambiguous where broad language did not make clear whether a personal injury protection and first-party claim would be extinguished).

Defendant's reliance on *Embroidme.Com, Inc. v. Travelers Property Casualty Company of America* is well-placed. ECF No. [55] at 5; Order Granting Defendant's Verified Motion for Attorneys' Fees, *Embroidme.Com, Inc. v. Travelers Prop. Cas. Co. of Am.*, No. 9:12-cv-81250 (S.D. Fla. Mar. 17, 2015), ECF No. [140] (hereinafter, the "*Embroidme.com* Order"). In *Embroidme.Com*, the proposal for settlement stated that it was attempting to resolve "[a]ll claims *set forth* in the Complaint," but later stated that the defendant would pay the plaintiff a set amount for "full and complete settlement of all claims *asserted or that could have been asserted, relative to the claims* described in the Complaint." *Embroidme.com* Order at 8 (emphasis added). The Court found that while these clauses were not identical, "Rule 1.442 does not require the avoidance of every ambiguity no matter how trivial," and the proposal is still enforceable so long as it is "'sufficiently clear and definite to allow the offeree to make an informed decision,' and the ambiguity could not 'reasonably affect the offeree's decision.'" *Id.* at 8–9 (citing *Nichols*, 932 So. 2d at 1079). In holding that the proposal was unambiguous and enforceable, the Court distinguished the proposal from that of *Saenz*, stating that the *Embroidme.Com* proposal was "more narrow than the 'all claims' language at issue in *Saenz*." *Id.* at 10.

The fact that the instant case involves a possible bad faith claim, unlike *Embroidme.Com*, does not change the analysis. *See id.* at 10–11. The Offer in the instant case is far clearer and

10

more detailed than the proposals in both *Saenz* and *Embroidme.Com*, in that it explicitly precludes a subsequent bad faith action arising from the events at issue in the instant action. *Compare* ECF No. [43] at 14–18, *with Saenz*, 967 So. 2d at 1115, *and Embroidme.com* Order at 8. Thus, the Offer does not fail for ambiguity. Because the Offer meets all requirements of both Florida Statute Section 768.79 and Florida Rule of Civil Procedure 1.442, the undersigned finds that it is valid and enforceable. Defendant is therefore entitled to an award of attorneys' fees and costs since February 18, 2021, when the Offer was served.

### B. Reasonableness of Attorneys' Fees

The undersigned now turns to the reasonableness of the attorneys' fees sought by Defendant. The Eleventh Circuit has adopted the lodestar method to determine the reasonableness of an award of attorneys' fees. *Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). To determine a lodestar amount, a court must ascertain a reasonable hourly rate and multiply it by the number of hours an attorney reasonably expended on the litigation. *Id.*; *Caplan v. All Am. Auto Collision, Inc.*, 36 F.4th 1083, 1089 (11th Cir. 2022) (citing *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Where the time or fees claimed appear excessive, or there is a lack of support for the fees claimed, "the court may make the award on its own experience." *Norman*, 836 F.2d at 1303. The burden of establishing that the request for attorneys' fees is reasonable rests with the applicant, who must submit evidence regarding the number of hours expended and the hourly rate claimed. *Id*. Evidence in support of the applicant's request requires "sufficient particularity so that the district court can assess the time claimed for each activity." *Id*. The party seeking attorneys' fees must supply the Court with "'specific and detailed evidence' in an organized fashion." *Machado v. Da Vittorio*, *LLC*, No. 1:09-cv-23069, 2010 WL 2949618, at *1 (S.D. Fla. July 26, 2010) (quoting *Norman*, 836 F.2d at 1303).

11

### 1. The Hourly Rate

As to Attorney Francesco Palanda, Defendant seeks an hourly rate of $250.00 for hours billed prior to May 1, 2021, and an hourly rate of $260.00 for hours billed after May 1, 2021. ECF No. [43] at 22. Mr. Palanda is a partner at the law firm of Hinshaw & Culbertson LLP. *Id.* at 21. Defendant submits that this rate is reasonable due to Mr. Palanda's seventeen years of experience practicing law in Florida, including at least eight years of experience in insurance defense. *Id.* As to Attorney Joseph Manzo, another partner at the law firm of Hinshaw & Culbertson, Defendant seeks an hourly rate of $260.00. *Id.* at 22. Defendant submits that this rate is reasonable due to Mr. Manzo's fourteen years of experience practicing law in Florida, including multiple years of experience in insurance defense. *Id.* at 23. Additionally, as to paralegal Jamie Hodges, Defendant seeks an hourly rate of $95.00 for hours billed prior to May 1, 2021, and an hourly rate of $105.00 for hours billed after May 1, 2021. *Id.* at 22. Defendant submits that this rate is reasonable due to Ms. Hodges' more than thirty years of experience as a paralegal, with a primary focus in litigation. *Id.* at 23. Plaintiff does not challenge the proposed rates for Mr. Palanda, Mr. Manzo, or Ms. Hodges in his Reply. *See generally* ECF No. [52].

Based on the Court's review of Mr. Palanda, Mr. Manzo, and Ms. Hodges' experience in comparison to the reasonable rates in this District, the undersigned finds that the rates requested by Defendant are reasonable. First, Mr. Palanda and Mr. Manzo are entitled to recover their fees at a rate of $260.00 per hour (excluding the portions of Mr. Palanda's time sought at $250.00 per hour, which will be awarded at that reduced rate). Indeed, higher rates have been awarded in similar circumstances in this District. *See, e.g., Southern-Owners Ins. Co. v. Marquez*, No. 9:20-cv-81431, 2022 WL 2651661, at *13 (S.D. Fla. July 8, 2022) (finding that $395.00 per hour was a reasonable hourly rate for counsel in an insurance dispute with approximately ten years of

experience); *B/E Aerospace, Inc. v. Travelers Cas. and Surety Ins. Co. of Am.*, No. 9:16-cv-81293, 2017 WL 9288915, at *3 (S.D. Fla. Aug. 29, 2017) (finding that $475.00 per hour was a reasonable hourly rate for counsel in an insurance coverage case with approximately eighteen years of experience). Additionally, Ms. Hodges is entitled to recover her fees at an hourly rate of $105.00 per hour (excluding the portions of Ms. Hodges' time sought at $95.00 per hour, which will be awarded at that reduced rate). Higher rates have also been awarded to paralegals in this District with similar qualifications. *See, e.g., Corson v. Gregory Charles Interiors, LLC*, No. 9:19-cv-81445, 2020 WL 6323863, at *5 (S.D. Fla. Aug. 7, 2020) (reducing the hourly rate for a paralegal from $200.00 to $135.00 per hour), *report and recommendation adopted*, Paperless Order adopting Report and Recommendation, *Corson v. Gregory Charles Interiors, LLC*, No. 9:19-cv-81445 (S.D. Fla. Aug. 24, 2020), ECF No. [15]; *Leon v. Atlass Sys. Inc.*, No. 1:15-cv-24428, 2016 WL 1692107, at *3 (S.D. Fla. Apr. 19, 2016) (finding $135.00 per hour to be a reasonable rate for a paralegal), *report and recommendation adopted*, Order Adopting Magistrate Judge's Report and Recommendation Granting in Part and Denying in Part Plaintiff's Motion for Attorneys' Fees and Costs, *Leon v. Atlass Sys. Inc.*, No. 1:15-cv-24428 (S.D. Fla. May 11, 2016), ECF No. [20].

### 2. The Amount of Hours Billed

The next step in the computation of the lodestar is a determination of reasonable hours expended on the litigation. A fee applicant must set out the general subject matter of the time expended by the attorney "with sufficient particularity so that the court can assess the time claimed for each activity." *Norman*, 836 F.2d at 1303 (citing *Hensley v. Eckerhart*, 461 U.S. 424, 437 n.12 (1983)). A fee applicant must exercise billing judgment by excluding "excessive, redundant or otherwise unnecessary [hours]." *Hensley*, 461 U.S. at 434. Where a fee applicant does not exercise billing judgment, "courts are obligated to do it for them." *ACLU of Ga. v. Barnes*, 168 F.3d 423,

428 (11th Cir. 1999). Thus, when a request for attorneys' fees is unreasonably high, the court "may conduct an hour-by-hour analysis or it may reduce the requested hours with an across-the-board cut." *Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008).

Here, Defendant asserts that Mr. Palanda billed a total of 60.6 hours, Mr. Manzo billed a total of 3.6 hours, and Ms. Hodges billed a total of 7.3 hours. ECF No. [43] at 22. Pursuant to this Court's Order, ECF No. [58], Defendant submitted itemized billing entries to the undersigned via e-mail, copying Plaintiff's counsel, on August 12, 2022. The Court filed the submission, and as such, the invoices are now part of the Court's record. ECF No. [61]. Although Plaintiff did not dispute the reasonableness of the total time spent, the Court reviewed the entries in order to make its own determination.

After a thorough review of the time entries, the undersigned finds that although most of the time spent is reasonable, one minor adjustment is warranted. Based upon the billing entries submitted, Mr. Palanda billed only 58 hours at the rate of $260.00, rather than the 58.2 submitted in the Motion. Without any information in the billing entries to determine whether the remaining 0.2 hours were necessarily expended, the undersigned must exclude them. *See Hensley*, 461 U.S. at 434 (requiring exclusion of "excessive, redundant or otherwise unnecessary [hours]" in a fee award). Accordingly, Defendant's total award shall be reduced by 0.2 hours at a rate of $260.00 per hour. Defendant is therefore entitled to recover fees for 2.4 hours of Mr. Palanda's time at the rate of $250.00 per hour; 58 hours of Mr. Palanda's time at the rate of $260.00 per hour; 3.6 hours of Mr. Manzo's time at the rate of $260.00 per hour; 4.5 hours of the paralegal's time at the rate of $95.00 per hour; and 2.8 hours of the paralegal's time at the rate of $105.00 per hour.

### C. The Request for Costs

Title 28, United States Code, Section 1920 "defines the term costs as used in [Federal Rule of Civil Procedure] 54(d) and enumerates expenses that a federal court may tax as costs under the discretionary authority found in Rule 54(d)." *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 437 (1987) (quotations omitted). The specific costs which may be awarded are as follows:

(1) Fees of the clerk and marshal;
(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
(3) Fees and disbursements for printing and witnesses;
(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
(5) Docket fees under section 1923 of this title;
(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

As previously set forth, Defendant served a valid Offer upon Plaintiff, which was not accepted within 30 days. As such, Defendant is also entitled to an award of costs. *See* FLA. STAT. § 768.79 (where an offer of judgment meets all requisite criteria, "the defendant shall be entitled to recover reasonable costs and attorney[s'] fees incurred"). Defendant requests $929.00 in taxable costs, including: (1) a $402.00 filing fee for the Notice of Removal, ECF No. [1]; (2) $102.00 in subpoena service costs; and (3) $425.00 in court reporter fees and interpreter fees. ECF No. [43] at 23. Defendant's filing fee, service costs, court reporter fees, and interpreter fees are all recoverable under Section 1920. *See Williams v. R.W. Cannon, Inc.*, 657 F. Supp. 2d 1302, 1315–16 (S.D. Fla. 2009) (noting that filing fees, court reporter fees, and service costs are recoverable under 28 U.S.C. § 1920); 28 U.S.C. § 1920(6) (including "compensation of interpreters" as a recoverable cost). First, the "filing fee clearly falls within the scope of Section 1920(1)," and as such, should be awarded to Defendant. *Grubbs v. A-1 Gutters and More, LLC*, No. 2:17-cv-14304,

15

2018 WL 4410914, at *2 (S.D. Fla. June 29, 2018). Second, as to subpoena service costs, Defendant requests $102.00 in costs for two service attempts on Scott Thomas, who prepared the insurance estimate that Plaintiff presented to Defendant. ECF No. [43] at 4. The costs for service on Mr. Thomas are fully recoverable because they are each equal to or lower than $65.00, the standard hourly rate that the U.S. Marshal's Service charges for service of documents. *See* 28 C.F.R. § 0.114 (noting that the U.S. Marshal's Service currently charges $65.00 per hour for each item served). Third, the court reporter and interpreter fees are also recoverable in full as they are enumerated in the statute. *See Velez v. D Namaka Faction Corp.*, No. 1:21-cv-21287, 2022 WL 1025094, at *5–6 (S.D. Fla. Mar. 31, 2022) (awarding the plaintiff $980.00 in interpreter costs and $1,374.40 in court reporter costs, pursuant to 28 U.S.C. § 1920, representing the full amount sought in motion for fees and costs). In sum, the undersigned finds that Defendant should recover the full amount of $929.00 in taxable costs sought, including post-judgment interest accruing since November 1, 2021, the date that the District Court entered Final Judgment in Defendant's favor. ECF No. [42]; *see Ramirez v. Scottsdale Ins. Co.*, No. 1:20-cv-22326, 2022 WL 213814, at *2 (S.D. Fla. Jan. 25, 2022) (awarding attorneys' fees, costs, and post-judgment interest to the instant Defendant pursuant to an offer of judgment rejected by the instant Plaintiff, where Plaintiff failed to file a response to the motion for attorneys' fees). Such interest will continue to accrue until the date of payment at the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment. 28 U.S.C. § 1961(a).

### III.     CONCLUSION

Based on the foregoing, it is hereby **RECOMMENDED** that Defendant's Motion, ECF No. [43], be **GRANTED IN PART AND DENIED IN PART**. Defendant should be awarded $17,337.50 in attorneys' fees and $929.00 in costs plus post-judgment interest.

### IV.     OBJECTIONS

The Parties have **FOURTEEN (14)** days from service of this Report and Recommendation within which to file written objections, if any, with the District Judge. Failure to timely file objections shall bar the Parties from *de novo* determination by the District Judge of any factual or legal issue covered in the report and shall bar the Parties from challenging on appeal the District Judge's Order based on any factual or legal conclusions included in this Report and Recommendation to which the Parties failed to object. 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1; *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191–92 (11th Cir. 2020).

**DONE AND SUBMITTED** in Chambers in Miami, Florida on August 18, 2022.

_____
**JACQUELINE BECERRA**
**United States Magistrate Judge**